**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT G. HARRIS,

      Petitioner,

v.                                CASE NO:  8:14-cv-3183-T-30TBM
                                      Crim. Case No: 8:12-cr-80-T-30TBM

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (CV Dkt. #1), filed December 22, 2014, and the Respondent's Motion to Dismiss (CV Dkt. #4), filed January 30, 2015. Upon review, the Court concludes that Petitioner's claims are time-barred and must be dismissed.

## BACKGROUND

On July 22, 2012, Petitioner Robert G. Harris ("Harris") pleaded guilty to being a felon in possession of firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) (CV Dkt. #15, #40, and #44). On November 19, 2012, the Court sentenced Harris to 140 months in prison followed by 60 months of supervised release (CV Dkt. #64 and #67). Harris, having signed a declaration of intent not to appeal (CR Dkt. #69), did not appeal the judgment and sentence.

On December 22, 2014, Harris filed the instant § 2255 petition for habeas corpus relief. In his petition, Harris alleges that his counsel was ineffective for failing (1) to file a direct appeal and (2) to challenge Harris's sentence under the Armed Career Criminal Act (CV Dkt. #1 and #2).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion. *Stephen v. United States*, 519 F. App'x 682, 683 (11th Cir. 2013); 28 U.S.C. § 2255(f). Relevant to Harris's case, this clock begins ticking on the date on which the judgment of conviction becomes final.[1] *See* § 2255(f)(1). "[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Harris had 14 days to file an appeal, so his judgment became final on December 3, 2012. *See* Fed. R. App. P. 4(b)(1)(a)(i). Thus, under the AEDPA, Harris had until December 3, 2013, to file his petition for habeas corpus relief.

Harris's petition was not filed with this Court until December 22, 2014, more than one year after the statute of limitations ran on his claims for habeas corpus relief. But Harris purportedly signed his petition on September 8, 2013—a date that falls within the statutorily permissible filing period. The Court is confronted with the question of whether or not, based on this representation, the petition is timely.

---

[1] The Court recognizes that under specific circumstances, the statute of limitations begins to run at some point other than when the judgment of conviction becomes final. *See* § 2255(d). However, Harris does not allege that any of these exceptions apply, nor does he allege any other facts that give rise to such a conclusion.

A pro se prisoner is entitled to application of the "mailbox rule" to his § 2255 motion, so that it is deemed filed when he delivers the motion to prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999); *see also Gracey v. United States*, 131 F. App'x 180 (11th Cir. 2005) (holding that the "mailbox rule" controls when there is a clear discrepancy between when the petitioner alleges he delivered the petition and when the court receives it). It is assumed that the petition was delivered to prison authorities on the day the petitioner signed it. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). "[T]he Government ha[s] the burden to prove the date a petition was delivered was a date other than the date claimed by the prisoner-petitioner." *Natson v. United States*, 494 F. App'x 3, 5 (11th Cir. 2012) (citing *Washington*, 243 F.3d at 1301).

In support of its motion to dismiss, the Respondent submits the declaration of Mr. John Upchurch, Supervisory Correctional Systems Specialist and supervisor for the consolidated complex mailing room at the prison facility in which Harris is housed. Mr. Upchurch explains that there are three types of inmate mail: (1) general mail; (2) legal or special mail; and (3) certified mail (Attachment 1, Dkt. #4). He describes the mailing procedures for each type of mail.

With respect to general mail, there is a mailbox at each housing unit for prisoners to drop off outgoing mail. General mail is shipped out the day after receipt, excluding weekends and holidays. The prison does not keep records as to the handling or mailing of general mail.

3

Prisoners who seek to send legal or special mail must mark it as such and seal the mail before handing it to prison officials for mailing. The prison official who receives the mail must verify the inmate providing the mail, note the date of receipt on the back of the envelope, and stamp it with a specified stamp. Like general mail, legal or special mail is shipped the day after receipt, excluding weekends and holidays.

The procedures for sending certified mail are a bit different. Prisoners are required to request that the mail be sent by certified mail. Prison officials keep a written log of all certified mail. The log includes the name of the inmate sending the certified mail and the date that the prison official received the mail. Like general mail and legal or special mail, all certified mail is shipped out the day after receipt, excluding weekends and holidays. Mr. Upchurch attested that the certified mail log at Harris's prison facility contains no entry for Harris from September 8, 2013, to December 19, 2014 (¶ 6, Attachment 1, CV Dkt. #4).

Notably, the envelope in which this Court received Harris's § 2255 motion is not marked as legal or special mail, nor was it sent certified. If it had been sent as legal or special mail, then per Mr. Upchurch's declaration, the date of receipt and a "legal mail" designation would have been noted on the back of the envelope. (¶ 4, Attachment 1, CV Dkt. #4). But there is no date of receipt nor a "legal mail" designation notated on the envelope, indicating that it was sent as general mail. [2] The envelope is postmarked December 19, 2014 (Attachment 1, CV Dkt. #1), which suggests that it was not delivered to prison officials for mailing until mid-December, 2014.

---

[2] Respondent notes that Harris has previously sent "Legal Mail" while at this prison (CR Dkt. #73), indicating that he is familiar with the prison's inmate mail system and the procedures by which he must abide.

Upon considering the evidence, the Court concludes that Respondent has met its burden of establishing that Harris did not deliver his petition to prison officials on or about September 8, 2013. *See Natson*, 494 F. App'x at 6 (accepting the declaration of the supervisor of the petitioner's mail room as "other records" sufficient to satisfy the government's burden); *Gracey*, 131 F. App'x at 180 (asserting that the government meets its burden by establishing that the prison mailing log showed no mailing from the petitioner on or about the date the petitioner maintains he delivered the mail). And though the Court reminded Harris of the opportunity to respond to Respondent's motion to dismiss (CV Dkt. #3), he did not attempt to refute the evidence proffered by Respondent. Other than the date on the petition, Harris did not file a sworn affidavit as to the date of filing.

Thus, the Court concludes that Harris's petition was untimely filed at some point in December of 2014 and must be dismissed. *See Natson*, 494 F. App'x at 6 (affirming grant of motion to dismiss and accepting the district court's factual determination that the habeas petition was time-barred because the government had introduced evidence that the petitioner did not submit the petition at the time alleged and the petitioner offered no evidence to undermine such a conclusion).

## <u>CONCLUSION</u>

It is therefore ORDERED AND ADJUDGED that:

1.     Respondent's Motion to Dismiss (CV Dkt. #4) is **GRANTED**.

2.     Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is **DISMISSED WITH PREJUDICE** as untimely.

3.     The Clerk is to enter judgment of dismissal with prejudice for Respondent, United States of America, terminate any pending motions, and close this case.

4.     The Clerk is directed to terminate from pending status the motion to vacate found at Dkt. #75, in the underlying criminal case, case number 8:12-cr-80-T-30TBM-1.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Harris is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Harris "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Harris has not made the requisite showing in these circumstances.

Finally, because Harris is not entitled to a COA, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 10th day of March, 2015.


_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-3183 § 2255.docx